# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1701V**
UNPUBLISHED

PAMELA HAVICE,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: January 25, 2023

Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA)

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On November 30, 2020, Pamela Havice filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 29, 2019. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 24, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On January 23, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $85,801.26 (comprised of $85,000.00 for pain and suffering and $801.26 for unreimbursed medical expenses). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $85,801.26 (comprised of $85,000.00 for pain and suffering and $801.26 for unreimbursed medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

PAMELA HAVICE,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Case No. 20-1701V (ECF)
CHIEF SPECIAL MASTER CORCORAN

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I. Procedural History

On November 30, 2020, Pamela Havice ("petitioner") filed a petition for compensation ("Pet.") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered from a left shoulder injury related to vaccine administration as a result of an influenza ("flu") vaccine administered on October 29, 2019. Amended Pet. at 1-2.

On October 20, 2022, respondent filed his Rule 4(c) Report, conceding entitlement in this case. ECF Doc. No. 42 at 1. On October 24, 2022, the Court issued its Ruling on Entitlement, finding that petitioner was entitled to compensation. ECF Doc. No. 43.

### II. Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers that petitioner should be awarded $85,801.26. The award is comprised of the following: $85,000.00 for pain and

suffering and $801.26 for unreimbursed medical expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a) regarding her October 29, 2019, flu vaccination. Petitioner agrees.[1]

## III. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of $85,801.26, in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED: January 23, 2023